IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| FELIX SALAS RODRIGUEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:03-CV-0313 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY PETITION FOR
A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

On September 18, 2003,[1] Petitioner FELIX SALAS RODRIGUEZ filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his October 23, 2001 state conviction for aggravated assault with a deadly weapon. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that Rodriguez's federal application for habeas corpus relief should be DENIED.

I.
PROCEDURAL HISTORY

Respondent DOUGLAS DRETKE has lawful and valid custody of Rodriguez pursuant to a judgment and sentence out of the 222nd Judicial District Court of Deaf Smith County, Texas, in Cause No. CR-99D-041, for the felony offense of aggravated assault with a deadly weapon. As detailed by the state court of appeals, the facts of the offense are as follows:

---

[1] *See* RULES GOVERNING SECTION 2254 CASES 3(d) (mandating timeliness determined by date petition placed in institution's internal mailing system); *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (per curiam) (holding pro se habeas petition filed when papers delivered to prison authorities for mailing).

> The offense occurred during the evening of April 4, 1999, when Brian Rodriguez (Brian), his ex-wife Sandra Rodriguez (Sandra), and his half-brother Jesse Rodriguez (Jesse) went to the home of Brian's aunt and uncle to get some menudo. Sandra remained in the car while Brian and Jesse went into the house where [Rodriguez], who was Brian's half-cousin or step-cousin, was also present. Brian and [Rodriguez] talked and later went outside the house along with Jesse. After several minutes, [Rodriguez] went back in the house and returned with a knife. [Rodriguez] then hit Brian with his fist. Brian began to run and [Rodriguez] chased after him. [Rodriguez] later returned to the house and handed a knife to someone in the house. Jesse and Sandra found Brian some distance away with a stab wound.

*Rodriguez v. State*, No. 7-02-004-CR, 2002 WL 31165112, at *1 (Tex. App.—Amarillo Sept. 30, 2002, no pet.) (not designated for publication).

A jury found Rodriguez guilty of aggravated assault with a deadly weapon and assessed his punishment at 99 years' confinement. (State Habeas R. at 38.) The Seventh District Court of Appeals affirmed the trial court's judgment, but Rodriguez did not file a petition for discretionary review with the Texas Court of Criminal Appeals. *Id.* Rodriguez filed a state application for habeas corpus relief, challenging his conviction, which the Court of Criminal Appeals denied without written order. *Ex parte Rodriguez*, No. 56,099-01 (Tex. Crim. App. July 30, 2003) (not designated for publication).

## II.
## GROUNDS

Rodriguez argues his conviction is unconstitutional because:

A.  the evidence was legally insufficient because the wrong weapon was introduced and because witness testimony was contradictory (petitioner's grounds one and two);

B.  the knife was illegally seized (petitioner's ground three);

C.  his sentence was illegal (petitioner's ground four);

D.  trial counsel was ineffective because he allowed an illegal sentence to be assessed and he conducted an insufficient investigation (petitioner's grounds five and six);

E. the jury charge was erroneous because it failed to include either a self-defense instruction or an instruction on assault, a lesser included offense (petitioner's grounds seven and eight);

F. jury selection violated *Batson* (petitioner's ground nine); and

G. prejudicial evidence was admitted at punishment (petitioner's ground ten).

### III.
### THREE OF RODRIGUEZ'S CLAIMS ARE
### UNEXHAUSTED AND PROCEDURALLY BARRED

Applicants seeking habeas relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. *Picard v. Connor*, 404 U.S. 270, 275-76 (1981); *Fisher*, 169 F.3d at 302. This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

Rodriguez did not file a petition for discretionary review and did not argue in his state habeas corpus application that the jury charge was erroneous, that jury selection violated *Batson*, or that prejudicial evidence was admitted at punishment. Thus, Rodriguez seeks federal habeas relief on factual allegations that were never made to the Texas courts, which renders claims E, F, and G unexhausted. *Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2001).

However, Rodriguez cannot return to the Texas court to cure this deficiency. The Texas abuse-of-the-writ doctrine prohibits a successive habeas petition, absent a showing of cause, if the applicant urges grounds that could have been, but were not, raised in his first habeas petition. *Ex*

*parte Barber*, 879 S.W.2d 889, 891 n.1 (Tex. Crim. App. 1994), *cert. denied*, 513 U.S. 1084 (1995). This doctrine is an adequate state procedural bar for purposes of federal habeas review. *Emery v. Johnson*, 139 F.3d 191, 195 (5th Cir. 1997), *cert. denied*, 525 U.S. 969 (1998); *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998). Accordingly, federal habeas corpus relief is unavailable in the face of a state procedural default unless the petitioner can show either (1) cause for the default and actual prejudice or (2) that the federal court's failure to consider the claim will result in a miscarriage of justice, i.e., that the petitioner is actually innocent of the crime. *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Finley*, 243 F.3d at 219-20. Rodriguez has failed to show either of these requirements. Accordingly, these claims are unexhausted and procedurally barred. 28 U.S.C. § 2254(b)(2).

IV.
<u>RODRIGUEZ'S INSUFFICIENCY CLAIM IS PROCEDURALLY BARRED</u>

Rodriguez argues that the evidence is legally insufficient to support his conviction because the wrong knife was introduced into evidence and because witness testimony was contradictory. Although Rodriguez raised his insufficiency claim in his state habeas application, he did not raise it on appeal. In its response to Rodriguez's state habeas application, the State argued that Rodriguez procedurally defaulted this claim because it should have been raised on direct appeal. (State Habeas R. at 21.) The state trial court made no express ruling on Rodriguez's application; instead, it was forwarded to the Court of Criminal Appeals with an implied finding that there were no controverted, previously unresolved facts material to the legality of the Rodriguez's confinement. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(c) (Vernon 2005). The Court of Criminal Appeals denied the application without written order.

Although the Court of Criminal Appeals stated no reasons when it denied habeas relief, that court has long held that the sufficiency of the evidence may only be raised on direct appeal and may not be raised in a state habeas proceeding. *West v. Johnson*, 92 F.3d 1385, 1389 n.18 (5th Cir. 1996); *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994). Indeed, the Court of Criminal Appeals recently reaffirmed that where a state habeas applicant challenges the sufficiency of the evidence in a state habeas application and the court subsequently disposes of the application by entering a denial without written order, the applicant's sufficiency claim was denied because it was not cognizable. *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004). Thus, this procedural default in the state courts procedurally bars this Court from addressing the merits of Rodriguez's sufficiency claim.[2]

V.
STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than

---

[2] Even if this claim were not barred, Rodriguez would not be entitled to relief. The crux of his claim is that the fact-finder declined to resolve the fact issues in his favor. This is inadequate to establish that the evidence was legally insufficient. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *United States v. Cyprian*, 197 F.3d 736, 740 (5th Cir. 1999), *cert. denied*, 531 U.S. 822 (2000).

the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244-46 (5th Cir. 2002) (en banc per curiam), *cert. denied*, 537 U.S. 1104 (2003).

Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210 F.3d at 485. When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

## VI.
## FOURTH-AMENDMENT AND SENTENCING CLAIMS

Rodriguez argues that the knife was seized in violation of the Fourth Amendment. Rodriguez did not attack the constitutionality of the search and seizure until he filed his state habeas corpus application. A federal court cannot entertain a Fourth-Amendment claim brought by a habeas petitioner attacking his state court conviction if the petitioner had an opportunity for full and fair litigation of that claim in the state courts. *Stone v. Powell*, 428 U.S. 465, 495 (1976); *Jones v. Johnson*, 171 F.3d 270, 278 (5th Cir.), *cert. denied*, 527 U.S. 1059 (1999). When a defendant fails to raise his Fourth-Amendment claim at trial, *Stone* bars habeas relief on Fourth-Amendment grounds, even though no state hearing was held on the claim. *Carver v. Alabama*, 577 F.2d 1188,

1192 (5th Cir. 1978). Because Rodriguez had a full and fair opportunity to litigate his Fourth-Amendment claim in the state courts, it is barred from federal habeas corpus review. *E.g., Janecka v. Cockrell*, 301 F.3d 316, 320-21 (5th Cir. 2002), *cert. denied*, 537 U.S. 1196 (2003).

Rodriguez next asserts that his 99-year sentence is illegal because his offense was classified as a second-degree felony and counsel told him he would receive a 25-year sentence. Rodriguez's offense was a second-degree felony. TEX. PENAL CODE ANN. § 12.33 (Vernon 2003), § 22.02(b) (Vernon Supp. 2004-05). But the punishment range was enhanced by Rodriguez's two prior convictions; thus, the applicable punishment range was 25 to 99 years or life. *Id.* § 12.42(d) (Vernon Supp. 2004-05). (State Habeas R. at 23.) Rodriguez's sentence was not illegal.

## VII.
## INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A claim of ineffective assistance of counsel is measured under a two-pronged standard by which a petitioner must show (1) that counsel's performance was deficient in that the errors made were so serious that counsel were not functioning as the counsel guaranteed by the Sixth Amendment and (2) prejudice by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694. The court need not address both prongs of the *Strickland* standard if the complainant has made an insufficient showing on one. *Id.* at 697.

Rodriguez's complaints about counsel were rejected during state collateral review

proceedings. A claim of ineffective assistance is a mixed question of law and fact. *Id.* at 698. Thus, a federal habeas court cannot grant relief unless the state court's rejection of the claim involved an unreasonable application of the law to the facts. 28 U.S.C. § 2254(d). Rodriguez argues that trial counsel was constitutionally ineffective for allowing the illegal sentence and by conducting an insufficient investigation.

First, Rodriguez cannot meet the prejudice requirement of the *Strickland* test. As discussed in the state court of appeals' opinion, the evidence establishes Rodriguez's guilt; thus, he cannot show that the result of the trial would have been different had counsel acted differently. *Johnson v. Cockrell*, 301 F.3d 234, 239 (5th Cir. 2002), *cert. denied*, 538 U.S. 1001 (2003); *Creel v. Johnson*, 162 F.3d 385, 396 (5th Cir. 1998), *cert. denied*, 526 U.S. 1148 (1999).

Second, Rodriguez has failed to carry his burden of proof on his claims. Both the state trial court and the Texas Court of Criminal Appeals implicitly considered and rejected Rodriguez's ineffective assistance claims. An independent review of his claims in conjunction with the state court records does not indicate that the state courts' decision was contrary to or involved an unreasonable application of *Strickland*, or that it was based on an unreasonable determination of the facts as presented in the state court proceedings. 28 U.S.C. § 2254(d).

Third, Rodriguez's arguments fall short of satisfying the deficient-performance element of *Strickland*, i.e., that counsel's alleged errors were so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment.

Rodriguez first argues that counsel allowed an illegal sentence to be assessed. As discussed above in section VI., the sentence was not illegal; thus, counsel cannot be held deficient for "allowing" a sentence that was within the applicable statutory range. *See, e.g., Carter v. Johnson*,

131 F.3d 452, 464 (5th Cir. 1997) (holding counsel not deficient for failing to request competency hearing where there was no indication of incompetency), *cert. denied*, 523 U.S. 1099 (1998); *Lauti v. Johnson*, 102 F.3d 166, 170 (5th Cir. 1996) (holding counsel not deficient for failing to object to proper jury instruction), *cert. denied*, 521 U.S. 1126 (1997); *Marshall v. Cabana*, 835 F.2d 1101, 1103 (5th Cir. 1988) (per curiam) (holding counsel not deficient for failing to make meritless argument). Respondent has interpreted this part of petitioner Rodriguez's claim of ineffective assistance of counsel to be a claim that defense counsel promised him a sentence of twenty-five years. Although petitioner did allege in his amended petition, under ground four, that counsel had indicated he could only receive twenty-five years minimum, ground four is a claim of an illegal sentence, not ineffective assistance. Petitioner did not clearly make that same claim under ground five, his ineffective assistance claim. If it is, in fact, petitioner's claim that counsel was ineffective for advising him he was facing a minimum of twenty-five years if he went to trial, then counsel was not ineffective since petitioner was facing a minimum sentence of twenty-five years. Further, and assuming, for purposes of argument, that it is in fact petitioner's claim that his attorney promised him a sentence of twenty-five years and, therefore, such constituted ineffective assistance of counsel, then petitioner's claims are directly rebutted by the state court record and are without merit. As set forth in respondent's answer (pages 18 through 21), petitioner was advised by the court, on October 17, 2000, that he was facing a twenty-five year <u>minimum</u> sentence if the state established to the jury's satisfaction, the two prior felony offenses alleged for enhancement. Further, when petitioner Rodriguez appeared for trial, he was questioned by his attorney, Mr. Birdsong, and a record was made that petitioner was rejecting a plea bargain offer of fourteen (14) years in prison and intended to go to trial understanding that he was facing a <u>minimum</u> of twenty-five (25) years. Finally, during

the jury voir dire conducted in open court and in petitioner's presence, the jury panel was queried on a range of punishment of twenty-five years to life.

Rodriguez next asserts that counsel conducted an insufficient investigation. In order to establish that counsel was ineffective due to a failure to investigate the case, Rodriguez must do more than merely allege a failure to investigate—he must state with specificity what the investigation would have revealed, what specific evidence would have been disclosed, and how the evidence would have altered the outcome of the trial. *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994); *Rose v. Johnson*, 141 F. Supp. 2d 661, 691 (S.D. Tex. 2001). Rodriguez fails to meet his burden of specificity on this claim; thus, he is not entitled to relief. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (per curiam).

## VIII.
## SUMMARY

Rodriguez is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination that Rodriguez was not entitled to relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## IX.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner FELIX SALAS RODRIGUEZ be DENIED.

X.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Findings, Conclusions, and Recommendation to Rodriguez by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 16th day of August 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## *<u>NOTICE OF RIGHT TO OBJECT</u>*

Any party may object to these proposed findings, conclusions, and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing. FED. R. CIV. P. 5(b). The parties are allowed a 3-day service-by-mail extension. *Id.* 6(e). Therefore, any objections must be *filed* **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); FED. R. CIV. P. 6(a), 72(b).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the United States Magistrate Judge and accepted by the District Court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).